UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02081-LTB-CBS

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

ROBERT RAY WHITE SAMPLES,
and POT O' GOLD FINANCIAL SERVICES, LLC,

Defendants,

and

CRISTELLA SAMPLES,

Relief Defendant.

---

ORDER GRANTING PRELIMINARY INJUNCTION,
ASSET FREEZE AND ACCOUNTING

---

      This Matter came before the Court on Plaintiff, United States Securities and Exchange Commission's ("SEC"), Motion for Preliminary Injunction, Asset Freeze and Appointment of a Receiver, pursuant to Fed. R. Civ. P. 65; Section 20(b) of the Securities Act of 1933, [15 U.S.C. § 77(t)(2)]; Section 21(d) of the Exchange Act of 1934, [15 U.S.C. § 78u(4)(a)]; Section 209(d) of the Investment Advisers Act of 1940, [15 U.S.C. § 80b-9] and Section 42(d) of the Investment Company Act of 1940, [15 U.S.C. § 80a-41(d)].

The Court makes the following findings of fact:

1.      The Court has jurisdiction over Defendants Robert Ray White Samples ("Samples") and Pot O' Gold Financial Services, LLC ("POG") and Relief Defendant Cristella Samples ("Mrs. Samples"), who have each waived service of the Complaint and Motion and appeared by counsel.  Defendants and Relief Defendant appeared by counsel and consent to the relief provided for in this Order.  Venue is proper in this district as the acts complained of took place in this district.

2.      The Court has considered the Complaint, the Motion for Temporary Restraining Order, the Motion for Preliminary Injunction and the Memorandum in Support of Plaintiff's Motion and the following declarations:

a.  Declaration of Carleen S. Holloway,

b.  Declaration of Helen P. Baker,

c.  Declaration of Dr. Von Welch,

d.  Declaration of Albert G. Bollwerk, and

e.  Declaration of Elizabeth J. Stamp.

3.      Based upon the pleadings and declarations, the Court finds that the SEC is likely to prevail on the merits of its claims that there have been violations of the securities laws.  The facts presented indicate that from at least September 2002 through September 2006, Samples, operating through his company, POG, used material misrepresentations to raise at least $1,033,597 from 31 investors in two pooled investments ("Investment Schemes").

4.      The funds raised in the two Investment Schemes were commingled into a single bank account ("Bank Account").  Samples misappropriated investor funds from the

Investment Schemes for his personal use and that of Relief Defendant Mrs. Samples. This includes use of investor funds to construct their new house and the use of investor funds to pay for his family's living expenses.

5.      The SEC is likely to prevail on its claim that there are violations of the securities laws, because the facts show that Samples opened three brokerage accounts into which he put investors' funds, but then transferred investor funds out of the brokerage accounts into the Bank Account, from which these funds were misappropriated for the personal use of Samples and Relief Defendant Mrs. Samples.

6.      Samples used investor funds to pay for expenses on two homes:  1) 12863 Capital Creek Street, Parker, Colorado 80134 ("Former Home"); and 2) 10872 Spring Creek Road, Parker, Colorado 80138 ("New Home"), which is jointly owned by Mrs. Samples.  The Samples are trying to sell the New Home and is preparing to move out of it.  With respect to the New Home, Samples and Mrs. Samples are ordered to:

a) Convey a copy of any offer on the New Home, by fax, immediately upon receipt of the offer, to his counsel and counsel for the SEC as follows:  Chuck Torres fax (303) 830-8890 and Nancy Gegenheimer fax (303) 844-1010;

b) Notify these same counsel of any proposed change in real estate agents;

c) Notify these same counsel by fax of any proposed new contract with a real estate agent;

d) If an offer is accepted the contract must provide that a copy of buyers' appraisal shall be provided to these counsel by fax;

e) Notify immediately the SEC and Mr. Torres if an offer is accepted;

f) Notify the SEC of the time and place of the closing;

g) At closing, any proceeds payable to Samples, Mrs. Samples or POG, shall be deposited into the registry of the court in the account established for the POG Investors ("POG Investors' Account") until further order of the court.

7. Samples made a number of loans with investor funds in a manner that was not in accordance with the representations to investors. The proceeds of collections on all loans shall be paid into the POG investors' Account until further order of the court.

8. Samples is unemployed. The SEC is likely to prevail on the merits of its claim that, unless enjoined, Samples may commit additional violations of the securities laws, including soliciting monies from investors and misappropriating those investor funds for his own personal use and thus investors will incur more losses and the public interests will be harmed.

9. The SEC has presented evidence that Samples continues to solicit money from investors. Since November 1, 2006, Samples obtained a total of $233,979 from investors in the two Investment Schemes, including $150,000 from an elderly woman in Utah, $26,361 from four new investors and $57,618 from previous investors.

10. The SEC has presented evidence that Samples admitted to the SEC staff in September 2007 that he misappropriated these newly invested funds and used the funds to pay for a plumber and for outstanding construction costs on the New Home and for living expenses.

11. The Court finds that a preliminary injunction, asset freeze and accounting for assets will preserve the status quo and protect the public from further losses resulting

...

from violations of the securities laws.  The SEC may seek further relief, including the appointment of a receiver if necessary based upon the disclosure of assets.

IT IS THEREFORE

ORDERED that the SEC's Motion for a Preliminary Injunction, Asset Freeze and Accounting is granted; it is further

ORDERED that defendants Samples and POG, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are preliminarily enjoined and restrained from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] by the use of the means or instruments of transportation or communication in interstate commerce or by use of the mails in connection with the offer or sale of any security to obtain money or property by means of untrue statements of material fact or omissions to state material facts necessary in order to make statements made, in light of the circumstances under which they were made, not misleading; engage in transactions, practices, or courses of business which operate as a fraud or deceit upon the purchasers of securities; or employ devices, schemes, or artifices to defraud; it is further

ORDERED that defendants Samples and POG and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are preliminarily enjoined

and restrained from directly or indirectly from violating Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5], by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange in connection with the purchase or sale of any security: (1) employing any device, scheme, or artifice to defraud; (2) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person; it is further

ORDERED that defendants Samples and POG and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are preliminary enjoined and restrained from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and (c)] by making use of any means or instrumentality of interstate commerce, or the mails to sell a security when no registration statement is in effect; it is further

ORDERED that defendant Samples and his agents, servants, employees, attorneys-in-fact and those persons in active concert or participation with him who receive actual notice of this order by personal service or otherwise, and each of them, are preliminary enjoined and restrained from violating Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] to make use of the mails or any means or instrumentality of

interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of any security; it is further

ORDERED that defendant Samples and his agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with him who receive actual notice of this order by personal service or otherwise, and each of them, are preliminarily enjoined and restrained from violating Section 206(1) and (2) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-6(1) and (2)] in connection with their business as an investment advisor, by use of the mails or means or instrumentalities of interstate commerce, directly or indirectly, employing devices, schemes or artifices to defraud clients and prospective clients; or engaging in transactions, practices or courses of business which have operated, are operating and will operate as a fraud or deceit upon clients or prospective clients; it is further

ORDERED that defendant POG, and its officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with it who receive actual notice of this order by personal service or otherwise, and each of them, are preliminarily enjoined and restrained from violating Section 7(a) of the Investment Company Act of 1940 [15 U.S.C. §80a-7] by directly or indirectly offering for sale or delivering by use of the mails or means or instrumentalities of interstate commerce, securities without being registered under Section 8 of the Investment Company Act; it is further

ORDERED that:

A.      Defendant Samples, POG, and Mrs. Samples and their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise and each of them, are ordered to hold and retain within their control and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of the assets listed on Exhibit A to this Order Granting a Preliminary Injunction, Asset Freeze and Accounting, which is filed under seal with the Court, in whatever form such assets may presently exist and wherever located, except: 1) the New Home shall be sold in the manner provided in paragraph 6 above; 2) if Samples sells any of the exotic birds he owns, the proceeds will be deposited into the registry of the Court into the POG Investor Account; 3) any other personal property shall not be sold without express consent of the SEC, and if sold with said consent, the proceeds shall be deposited into the POG Investor Account;

B.      Any financial or brokerage institution or other person or entity located within the territorial jurisdiction of the United States courts and holding any funds or other assets in the name of, for the benefit of, or under the control of Robert Ray White Samples, Pot O' Gold Financial Services, LLC, or in an account upon which either is the signatory or their affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets; and

C.      Defendants Samples and POG and their affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall refrain from accepting, taking control of, or depositing in any financial institution additional funds from actual or potential investors; it is further

ORDERED that Defendants Samples and POG and Mrs. Samples shall prepare, and file with this court and serve upon the attorneys for the SEC within ten business days of the service of this Order, a sworn accounting which contains the following information:

A.      The name of the person or company, the date, and the amount of all funds received by Samples and POG either individually or doing business as Pot O' Gold Financial Services or Pot O' Gold's Golden Investment Club from September 1, 2002 through October 10, 2007.

B.      The name of the person or company, the date and amount of all funds or other assets which have been transferred from Samples or POG either individually or doing business as Pot O' Gold Financial Services LLC or Pot O' Gold's Golden Investment Club from September 1, 2002 through October 10, 2007.

C.      A list of all securities, funds, real estate, interests in businesses, vehicles, boats, or other personal property which Samples, POG or Mrs. Samples has owned or had a direct or indirect beneficial interest in since September 1, 2002.  The list shall include a description and the current location of the assets.

D.      A list of each account, including safe deposit boxes, with any financial institution

or brokerage firm, in which Samples, POG or Mrs. Samples has had direct or indirect control or beneficial interest since September 1, 2002; it is further

ORDERED that the SEC may move for appointment of a Receiver if, upon disclosure of the assets ordered to be disclosed, it determines that a receiver should be appointed to marshal the assets identified above and preserve them for the benefit of the injured investors.

Dated: October 11, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge