UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02081 LTB-CBS

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

ROBERT RAY WHITE SAMPLES,
and POT O' GOLD FINANCIAL SERVICES, LLC,

        Defendants,

and

CRISTELLA SAMPLES,

        Relief Defendant.

_____

ORDER APPOINTING RECEIVER
_____

THIS MATTER came before the Court upon the Motion of the Plaintiff Securities and Exchange Commission ("SEC") for an order appointing a receiver over the assets listed on Exhibit A of this court's Order Granting Preliminary Injunction, Asset Freeze and Accounting ("Order") [Doc. 9]  The assets on exhibit A to the Order are hereafter referred to as "Receiver Assets".  The court having reviewed the Motion, the Order and being fully apprised in the premises enters the following order appointing Eric Grothe receiver over the Receiver Assets as follows:

# I.

**IT IS ORDERED** that Mr. Grothe is appointed Receiver to take custody, control and possession of the Receivership Assets." The Receiver is hereby authorized, empowered, and directed:

    a.    to marshal, conserve, hold, and manage the Receivership Assets with full power to take such steps as he deems necessary to secure such assets including, but not limited to, obtaining an accounting of the assets, insuring the assets, and preventing transfer, withdrawal, concealment, dissipation, or misapplication of assets;

    b.    to take exclusive control of, and to close, transfer or otherwise take possession of all accounts that contain Receivership Assets at any bank, brokerage firm or financial institution, wherever situated;

    c.    to investigate, institute, prosecute, defend, compromise and adjust actions in state or federal court as may, in his sole discretion, be advisable or proper to recover and protect Receivership Assets improperly or unlawfully held or demanded by any person, including but not limited to the defendants herein;

    d.    to make or authorize payments and disbursements from the Receivership Assets, to incur, or authorize the incurrence of, such expenses, and to make, or authorize the making of, such agreements as may be reasonable, necessary and advisable in discharging his duties as Receiver;

    e.    to cause to be issued subpoenas and other discovery requests to obtain documents and records pertaining to the Receivership or any other matter relevant to this action on behalf of the Receivership Assets;

f. to liquidate any or all securities, commodities, or other assets as the Receiver deems to be advisable or necessary;

g. to open one or more bank accounts as designated depositories for the Receivership Assets, and to deposit funds into such accounts and make payments from such accounts;

h. to maintain accurate records of all receipts and expenditures made by the Receiver;

i. to engage and employ attorneys, accountants and other persons in his discretion to assist in carrying out the duties and responsibilities hereunder;

j. to dispose of the Former House and the New House in a manner he deems in the best interest of the Receivership Assets which, in his discretion could include, renting for a period of time, maintenance work as required to make the New Home and Former Home rentable or saleable. Should the Receiver sell the New Home or Former Home he shall, as compensation be entitled to a real estate commission of 7 percent of the sale price, to be paid out of the proceeds of sale;

k. if the information that Samples is ordered to provide at page 9 of the Order, reveals additional assets that were acquired or maintained with investor funds, the receiver shall take control of said assets and they shall become part of the Receiver Assets.

**II.**

**IT IS FURTHER ORDERED** that the Receiver is hereby indemnified and held harmless for any judgments, costs, or expenses suffered or incurred by him or any of his agents or attorneys as a result of actions instituted against him or them in relation to the

discharge of their duties aforesaid or in carrying out or furtherance of this Order, unless this Court determines that such indemnity shall be inequitable.

**III.**

**IT IS FURTHER ORDERED** that:

a. Defendants Robert Ray White Samples, Pot O' Gold Financial Services, LLC and Relief Defendant Cristella Samples, and their or its officers, agents, servants, employees, attorneys-in-fact, attorneys at law, shareholders, and other persons, who are in custody, possession, or control of any assets, books, records, or other property that constitute Receivership assets shall forthwith give access to and control of such property to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions which have possession, custody or control of any Receivership assets;

b. All banks, brokerage firms, financial institutions, and other business entities which have possession, custody or control of any Receivership assets shall cooperate expeditiously in the transfer of funds, accounts, and other assets to the Receiver;

c. Defendants and Relief Defendant shall cooperate with and assist the Receiver, and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the conduct of his duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the Receiver of the Receivership assets;

d. The costs, fees and expenses of the Receiver incurred in connection with the performance of his duties described herein, including the costs and expenses of those persons

who may be engaged or employed by the Receiver to assist him in carrying out his duties and obligations hereunder, shall be paid out of the Receivership assets. All applications for costs, fees and expenses for services rendered in connection with the Receiver shall be made by written application setting forth in reasonable detail the nature of the services and shall be considered by the Court; and

    e.    No bond shall be required in connection with the appointment of the Receiver pursuant to 28 U.S.C. § 754.

## IV.

**IT IS FURTHER ORDERED** that the Receiver is entitled to rely on all outstanding rules of law and court orders, and shall not be liable to anyone for his good faith compliance with any order, rule, law, judgment, or decree, nor shall he be liable for complying with orders of this Court. In no event shall he be liable to the defendants for his good faith compliance with his duties and responsibilities under this order, nor shall he be liable to anyone for any action taken or omitted by him except upon a finding by this Court, after a hearing, that he acted or failed to act as a result of misfeasance, bad faith, gross negligence, of his duties.

## V.

**IT IS FURTHER ORDERED** that the Receiver may be removed at any time by the Court, and replaced with a successor. In the event the Receiver decides to resign, he shall first give written notice to the parties and the Court of his intentions, and his resignation shall not be effective until the Court has appointed a successor. The Receiver shall then follow such instructions as his successor or the Court gives him in turning over custody and control of the Receivership assets.

## VI.

**IT IS FURTHER ORDERED** that this Order shall remain in effect until further order of the Court.

## VII.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for all purposes.

Dated this   6TH   day of    December   , 2007


                                           s/Lewis T. Babcock
                                        Lewis T. Babcock
                                        United States District Judge